

IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X
FIRM 6, INC. d/b/a PAM & CO.,          :
   Plaintiff,                                   :
   v.                                                    :   Case No.:
SHEDRAIN CORPORATION, a New York   :   COMPLAINT FOR
Corporation                                          :   DECLARATORY
                                                          :   JUDGMENT OF NON-
   Defendant.                                    :   INFRINGEMENT
------------------------------------------------------------------ X

For its complaint, Firm 6, Inc., d/b/a Pam & Co. ("PAMCO" or Plaintiff), by and through its attorneys, avers as follows:

## THE PARTIES

1. PAMCO is a corporation organized and existing under the laws of the State of New York, with its principal place of business at 41 East 60th Street, New York, New York 10022, which is within the Southern District of New York. PAMCO is, and was at all times herein mentioned, qualified to do business in New York.

2. PAMCO has designed and developed a new concept for umbrellas.

3. Upon information and belief, defendant Shedrain Corporation ("Shedrain" or Defendant), is a corporation organized and existing under the laws of the State of Oregon, with its principal place of business at 8303 NE Killingsworth Street, Portland, Oregon 97220.

4. Upon information and belief, Shedrain is engaged in the business of manufacturing and importing umbrellas and rain wear. Upon information and belief, Shedrain's products are sold worldwide, including within the jurisdiction of this Court.

## VENUE AND JURISDICTION

5. The cause of action arises under federal law, namely 15 U.S.C. § 1051 et seq. (Lanham Act). This Court has jurisdiction over this action under 28 U.S.C. § 1331 (federal question), 28 U.S.C. § 1338(a) (trademarks). This Court also has jurisdiction pursuant to 28 U.S.C. § 2201 (Declaratory Judgment Action), 28 U.S.C. § 1332 (complete diversity of citizenship between the parties and the amount in controversy exceeds the sum of $75,000.00 exclusive of interest and costs).

6. This Court has personal jurisdiction over Shedrain because Shedrain, on information and belief, conducts business in the State of New York and within this district, including entering into contracts with New York corporations and the advertising and sale of its products to New York residents by or through its website, www.shedrain.com, and/or through distributors or otherwise. Accordingly, personal jurisdiction exists over Shedrain pursuant to New York's long arm statute, C.P.L.R. § 301 and § 302(a).

7. Venue is proper in this district under 28 U.S.C. §1391(b) and §1391(c).

8. An actual case or controversy has arisen between the parties. Shedrain has threatened legal action against PAMCO, and has asserted that PAMCO's use and/or registration of BRELLI constitutes trademark infringement of Shedrain's trademark GELLY BRELLY and Design and its U.S. Trademark Registration No. 2,935,004 issued on March 22, 2005. These statements threaten injury to PAMCO.

## GENERAL ALLEGATIONS

### I. PAMCO's Activities

9. PAMCO has designed and developed a novel disposable umbrella which is wholly or partially biodegradable ("Product") to prevent or minimize damage to the environment.

10. In developing this Product, Pamela Zonsius, the principle of PAMCO, has expended much time, effort and money in designing the Product, as well as creating a new trademark BRELLI.

11. PAMCO has also expended much time, effort and money preparing promotional materials for marketing the BRELLI Product and promoting the Product.

12.     On September 13, 2006, Pamela Zonsius, the principle of PAMCO, filed a trademark application for BRELLI in the U.S. Patent and Trademark Office for use in conjunction with biodegradable umbrellas.

13.     Notwithstanding the existence of U.S. Trademark Registration No. 2,935,004 issued on March 22, 2005 to Shedrain, the U.S. Patent and Trademark Office approved the BRELLI application and issued a Notice of Publication on April 11, 2007. Therefore, the U.S. Patent and Trademark Office, in examining the BRELLI application, concluded that there was no likelihood of confusion between BRELLI and GELLY BRELLY and Design, owned by Shedrain.

## II.     The Present Dispute

14.     On or about March 30, 2007 PAMCO's attorneys received a "cease and desist" letter from Darby & Darby ("Darby"), counsel to Shedrain.

15.     Darby claimed that PAMCO's trademark BRELLI was substantially similar to Shedrain's registered trademark GELLY BRELLY and Design.

16.     Darby stated that Shedrain objected to PAMCO's use and registration of the mark BRELLI, on the "identical goods", and that such use "is thus an infringement of our client's rights and violates trademark and unfair competition laws".

17.     Darby ended its March 30, 2007 letter by giving PAMCO an ultimatum of April 16, 2007 to agree to all of the terms and conditions set forth in its letter and threatened that if PAMCO did not comply with Shedrain's demands, Shedrain would take legal action.

18.     On March 29, 2007 Shedrain filed a trademark application in the U.S. Patent and Trademark Office to register the mark MISS BRELLI, in conjunction with

umbrellas. The application was filed as an intent-to-use (ITU) application one day prior to Darby's letter of March 30, 2007.

19. PAMCO does not believe that the marks BRELLI and GELLY BRELLY and design are phonetically similar, have that same or similar appearance or have similar meanings, but provide entirely different commercial impressions to consumers when used on umbrellas. Accordingly, PAMCO does not believe that the marks are confusingly similar or are likely to cause confusion in the market place.

20. Upon information and belief, if there is to be any likelihood of confusion it will not be based on a likelihood of confusion between BRELLI and GELLY BRELLY but on the potential likelihood of confusion between BRELLI and MISS BRELLI, the trademark that Shedrain has recently indicated it has an intention of adopting and registering notwithstanding PAMCO's prior filing for BRELLI.

21. The April 11, 2007 decision by the U.S. Patent and Trademark Office to issue a Notice of Publication, evidencing its position that BRELLI does not conflict with any issued registrations or pending, earlier-filed trademark applications, confirms PAMCO's aforementioned view that the two marks in issue are not confusingly similar.

## CLAIM FOR RELIEF

### CLAIM ONE

**(Declaratory Judgment of Non-infringement of Trademarks, 15 U.S.C. § 1051 et seq.)**

22. Shedrain has claimed that PAMCO's use of the mark BRELLI constitutes trademark infringement and has threatened to bring a law suit against PAMCO for trademark infringement.

23. An actual, present and justiciable controversy has arisen between PAMCO and Shedrain concerning PAMCO's right to use and register the mark BRELLI.

24. PAMCO seeks a declaratory judgment from this Court declaring that there is no likelihood of confusion between PAMCO's trademark and Shedrain's trademark, and that PAMCO's use of the mark does not constitute trademark infringement.

### PRAYER FOR RELIEF

WHEREFORE, PAMCO respectfully requests judgment against Shedrain as follows:

25. A declaration that PAMCO's trademark BRELLI is not confusingly similar and does not infringe Shedrain's trademark GELLY BRELLY and Design.

26. Award PAMCO its costs in this action.

27. Enter such other relief to which PAMCO may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Federal Rule of Civil Procedure 38 and Civil Local Rule 3-6, PAMCO hereby demands a jury trial on all issues so triable.

Dated: April 30   , 2007

                                      LACKENBACH SIEGEL LLP

By: _____
        Myron Greenspan (MG 7347)
        Cathy Shore (CS 0682)
        Attorneys for Plaintiff
        Firm 6, Inc. d/b/a Pam & Co.